IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN R. WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-176-WHA |
| | ) [WO] |
| | ) |
| REAL LIFE RECOVERY, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kevin R. Watts, an inmate currently incarcerated at the Randolph County Jail, initiated this 42 U.S.C. § 1983 action on March 27, 2017. In the instant complaint, Watts challenges the loss of his property during a stay at Real Life Recovery, a free-world rehabilitation facility. Doc. 1 at 2-3.

After reviewing the complaint and finding deficiencies with this pleading, the court determined that Watts would be allowed an opportunity to file an amendment to the complaint to correct the deficiencies. The court therefore issued an order providing Watts instructions for filing the amendment to his complaint. Doc. 3. Watts failed to file an amendment to the complaint within the time permitted by the court. Based on this failure, the court issued an order requiring "that on or before May 5, 2017 the plaintiff . . . (1) [s]how cause why he failed to file an amendment to his complaint identifying the city or county in which Real Life Recovery is located and advising whether he was confined to this facility as a private individual or as a pre-trial detainee/convicted inmate pursuant to a court order; . . . and (2) file the requisite amendment to the complaint." Doc.

4. The court cautioned Watts "that if he fails to file a response to this order the undersigned will recommend that this case be dismissed." Doc. 4. As of the present date, Watts has failed to file an amendment to the complaint in compliance with the directives of the orders entered in this case.

In light of Watts' failure to file the required amendment to his complaint, the court concludes that this case should be dismissed without prejudice. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to the complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). In making this recommendation, the court has considered whether a measure less drastic than dismissal could be appropriate and effective in bringing Watts into compliance with the court's orders, but concludes that a fine or other monetary sanction would be ineffectual since Watts is an indigent individual, *see* Doc. 2, and that Watts' complete failure to respond to either of the court's orders to amend the complaint indicates an abandonment of his claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amendment to his complaint as ordered by this court.

The plaintiff may file objections to the Recommendation on or before **May 29, 2017.** The plaintiff must specifically identify the factual findings and legal conclusions

in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of May, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE